United States District Court
For The Western District of Oklahoma

| | | |
|---|---|---|
| Eddie L. Andrews, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-510 WFD and |
| | ) | CIV-06-652-WFD |
| David L Russell, Joe Heaton et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Order Dismissing Suit for Failure to State a Claim and Striking Plaintiff's Motions for Summary Judgment

This matter comes before the Court on Motions to Dismiss for Failure to State a Claim by numerous defendants and numerous Motions for Summary Judgment filed in response by the Plaintiff. The Court, having carefully considered the material submitted in the case, and having concluded that oral argument will not be of service in this matter, and being otherwise fully advised in the premises FINDS and ORDERS as follows:

#### BACKGROUND

Eddie L. Andrews is, according to his Complaint, a veteran of the Oklahoma National Guard who has served this country since 1983. During that time he married and divorced Paulette Schultz and then married Angela Andrews. He may also have had children from a previous marriage; the record is unclear. In 2001, the Oklahoma Department of Human Services

received complaints that some children in Mr. Andrews' care were abused and neglected. The Department investigated, held a hearing, and determined that the children should be placed in protective custody, and then in foster care. Mr. Andrews attempted to get the children back, but when he grew frustrated with the state court process, he filed suit in this Court to enjoin the state court proceedings. *Andrews et al. v. Jerry Andrews et al*, CIV-05-110. United States District Judge Heaton presided over the case and found that the Court had no authority to enjoin the proceedings of an independent sovereign judicial system. *Id., Order Denying Injunction*, March 8, 2005. Plaintiff appealed the order, and the Tenth Circuit affirmed. *Andrews v. Andrews*, 160 Fed. Appx. 798 (10th Cir.2005). This Court then dismissed the case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); *Andrews et al. v. Jerry Andrews et al*, CIV-05-110, *Order*, March 27, 2006. Mr. Andrews appealed to the Tenth Circuit, and that appeal is still pending.

The 12(b)(6) ruling set off the chain of events which brings us to this point. Mr. Andrews has now filed suit against every judge on the Tenth Circuit Court of Appeals and a large number of the staff of the Tenth Circuit, the staff of this Court and numerous judges in the Eastern and Western Districts of Oklahoma. Although it is difficult to make out, Mr. Andrews appears to claim that each of these individuals has entered into a conspiracy to deprive him of his rights and to defraud the United States. Again, he does not exactly specify how this conspiracy was accomplished or what its purpose was, but it seems to have to do with the fact that this Court

refused to enjoin a state court proceedings and the Tenth Circuit affirmed this Court's decision. Mr. Andrews argues that these actions violate several criminal statutes. 18 U.S.C. §§ 241; 1001, 1341, 1961, 1962.[1]

Because nearly every federal judge in Oklahoma had been listed as a defendant, the Undersigned Judge was requested to sit by designation in the Western District of Oklahoma for purposes of providing a neutral judge. Immediately after accepting this assignment, the Undersigned Judge discovered that he too had been added to the list of Defendants. Nevertheless, the Undersigned declines to recuse himself. The case must be adjudicated.

"A judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). "Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000) (internal quotation omitted).

> However, the statutory guidance for recusal must also be read in light of the judges' "duty to sit" on cases filed with the court. This court has long held that section 455(a) must not be so broadly construed that it becomes, in effect,

---

[1] The Court could not glean these statutes from the Complaint, but was forced to look to Plaintiff's rather unorthodox Motions for Summary Judgment to find them.

> presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. Moreover, the statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.
>
> Amplifying the judges' duty to sit on cases brought to the court, under the "rule of necessity," a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980).

*Id*. at 1257-58 (citations and internal quotation marks omitted).

The Court finds that the "rule of necessity" is similarly applicable under these circumstances. Plaintiff has established a practice of suing the various judges assigned to his case, as well as various attorneys and law firms representing opposing parties. Plaintiff clearly believes that the federal courts have jurisdiction over his lawsuits, and yet, it is apparent to this Court that Plaintiff will continue to file lawsuits against the judges assigned to his case whenever unfavorable rulings are rendered. If the Court continues to reassign Plaintiff's case every time he files a legal action against the presiding judge, the merits of the case will never be heard. Accordingly, the undersigned Judge is not compelled to recuse himself from this action because the case cannot be heard otherwise.

## STANDARD OF REVIEW

Several Defendants have moved to dismiss for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6).[2]  In ruling on motions to dismiss for failure to state a claim, "All well-pleaded facts . . . must be taken as true." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)).  "The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed.  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims."  *Id.* (citations omitted).  "A Rule 12(b)(6) motion to dismiss may be granted *only* if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery."  *Id.* (citing *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

## DISCUSSION

The history between the parties in this case is difficult to grasp at first.  This is partly because it is spread over three different federal court cases, CIV-05-110, CIV-06-510, and CIV-06-562, and partly because the Complaint in this case is so opaque that the Court could not discern the heart of the matter without consulting other materials submitted by Plaintiff.  Thus far, this saga has generated at least two rulings from this Court and one from the Tenth Circuit.  This Court currently has no access to the state court docket, and therefore, it has no way of

---

[2] Although not all of the defendants have been properly served, and thus, not all of them have filed motions to dismiss, the Court finds it proper to deal with all of the parties together in this order since the allegations against them are identical and all equally devoid of merit.

knowing how many suits this Plaintiff has filed in the state court system. The allegations in CIV-06-510 and CIV-06-562 are identical, although the list of defendants continues to grow.[3] By bring this action Plaintiff attempts, not only to undo previous unfavorable rulings made by this Court and the United States Court of Appeals for the Tenth Circuit, but to avenge himself for perceived wrongs committed against him and the Constitution of the United States. To that end, he has charged Defendants with violations of certain sections of the criminal code. 18 U.S.C. §§ 241, 1001, 1341, 1961, 1962.

Criminal statutes cannot be enforced by civil actions. *United States v. Claflin,* 97 U.S. 546, 547 (1878); *United States v. Jourden,* 193 F. 986, 987-88, (9th Cir.1912). Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures. *See Helvering v. Mitchell,* 303 U.S. 391 (1938); *Lipke v. Lederer,* 259 U.S. 557 559-560 (1922)(discussing the differing consequences and burdens of proof in criminal and civil matters). Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government. A private party has no right to enforce these sanctions. *See Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964); *Pugach v.*

---

[3] In CIV-05-110, the defendants consisted of Mr. Andrews' family and two Oklahoma DHS agents. In CIV-06-510, Plaintiff sued twenty-one defendants, including the judges who had issued orders against him and members of their staffs. In CIV-06-562, the list of defendants ballooned to eighty-two people including all of the judges on the Tenth Circuit Court of Appeals, all of the judges and magistrates in the Western District of Oklahoma, and large numbers of their staffs, not to mention a large group of private attorneys.

*Klein,* 193 F.Supp. 630, 635 (S.D.N.Y.1961).  It has been repeatedly held that the Executive Branch, though the Justice Department and the U.S. Attorneys, is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute.  In the exercise of such discretion, U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts.  *Smith v. United States,* 375 F.2d 243, 247 (5th Cir.1967); *United States v. Cox,* 342 F.2d 167, 171-72 (5th Cir.1965).

 The Court concludes that no authority exists for Plaintiff to maintain this action to recover civil damages under these statutes.  These sections create criminal liability.  No civil action lies to enforce them; criminal statutes can only be enforced by the government.  *Bass Angler Sportsman Soc. V. U.S. Steel Corp.,* 324 F.Supp. 412, 415 (S.D.Ala. 1971); *see also City and County of San Francisco v. U.S.,* 443 F.Supp. 1116 (N.D.Cal.1977), *aff'd,* 615 F.2d 498 (9th Cir.1980).  These authorities unquestionably require a finding that Mr. Andrews' effort to nullify, overturn or reverse previous rulings of this Court or the United States Court of Appeals, a *civil* action, is not a permitted remedy under 18 U.S.C. §§ 241, 1001, 1341, 1961, 1962.  Thus, applying the Rule 12(b)(6) standard, Mr. Andrews is not entitled to offer evidence to support his claims.  *Ruiz v. McDonnell*, 299 F.3d at 1181.

It is worth pointing out that the federal courts have absolutely no power to intervene in a state court child custody proceeding.  Federal Court jurisdiction is strictly limited by Article III of the United States Constitution.  Thus, far from conspiring to violate the Constitution in the

previous action, this Court and the Tenth Circuit took the only course they could.  If Plaintiff was unhappy with the result of the state proceeding, his proper course should have been an appeal to the Oklahoma Court of Civil Appeals, and then the Oklahoma Supreme Court.  Instead, he has chosen to involve innocent, law-abiding public servants in two frivolous and vexatious lawsuits.

The Court finds such behavior troubling and disappointing, especially from a Plaintiff otherwise so dedicated to preserving our Nation.  The Court appeals to Plaintiff to exercise good judgment, and end this fruitless course of conduct.  As Plaintiff well knows, the Court of Appeals is considerably less patient than this Court when confronted with claims such as his.  Should Plaintiff pursue this claim in the Court of Appeals, he may subject himself to monetary sanctions in the thousands of dollars.

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which hampers their ability to carry out the functions mandated by Article III of the United States Constitution.  There is no constitutional right to access to courts in order to prosecute an action that is frivolous, harassing, abusive or malicious.  *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981).  Groundless and vexatious litigation justifies an order from this Court enjoining a litigant from filing any claims without first seeking leave of this Court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir.1992).

In light of this Plaintiff's propensity for filing these vexatious suits, the Court finds it appropriate to impose some limits. To obtain permission to proceed pro se before this Court, Plaintiff must take the following steps:

    **1**. File a petition with the clerk of this court requesting leave to file a pro se appeal or original proceeding;

    **2**. Include in the petition the following information:

        **A**. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

        **B.** A list apprising this Court of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring Plaintiff to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

    **3**. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal right asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of

litigation, and that he will comply with the Federal Rules of Civil Procedure and the local rules of this Court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge for review to determine whether to permit Plaintiff to proceed pro se. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order shall be entered indicating that the action shall proceed in accordance with the Federal Rules of Civil Procedure.

Plaintiff shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. *See Winslow v. Hunter*, 17 F.3d 314, 316 (10th Cir.1994). If Plaintiff does not file objections, these restrictions shall take effect twenty days from the date of this order. *Id.* at 316-17. The filing restrictions shall apply to any matter filed after that time. If Plaintiff does file timely objections, these sanctions shall not take effect until this court has ruled on the objections.

THEREFORE, Defendants' motions to dismiss for failure to state a claim upon which relief can be granted are hereby, **GRANTED** and Plaintiff's complaint is dismissed with prejudice as to all Defendants, and

FURTHER, Plaintiff's motions for summary judgment are hereby, **DENIED**, and

FURTHER, Plaintiff Eddie L. Andrews is hereby **ENJOINED** from proceeding as a proponent of any claim in the Western District of Oklahoma without the representation of an attorney licensed to practice in the state of Oklahoma and admitted to practice before this Court unless Mr. Andrews first has obtained leave from this Court to proceed pro se, and

FURTHER, the Clerk of the Court shall not accept any pleading submitted by Mr. Andrews initiating a new civil action unless Mr. Andrews has obtained leave from this Court to file the action pro se by following the procedure outlined above, or unless he is represented by qualified counsel.

DATED this __25th__ day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE